FILED
2021 May-06  PM 12:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| EMILY VINCENT, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **2:21-cv-00514-ACA** |
| ) | |
| JEFFERSON COUNTY ) | |
| BOARD OF EDUCATION, ) | |
| ATI HOLDINGS, LLC d/b/a ATI ) | |
| PHYSICAL THERAPY, SAM ) | **JURY DEMAND** |
| SHADE, an individual, and ) | |
| MICHAEL TURNER, an ) | |
| individual, ) | |
| ) | |
| DEFENDANTS. ) | |

## AMENDED COMPLAINT

### I. JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 1343. This is a suit authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, as amended, Title IX of the Education Amendments of 1972, and Plaintiff's pendent state law claims.

### II. PARTIES

2.     Plaintiff, Emily Vincent, is a female citizen of the United States and is a resident of Pinson, Alabama.

3.     Defendant, Jefferson County Board of Education ("JCBOE"), is a

governmental entity within the State of Alabama and the governing body for public schools within Jefferson County, Alabama. At all times relevant to this action, Defendant JCBOE has at least fifteen (15) or more employees and is an employer within the meaning of the Title VII of the Civil Rights Act of 1964. Defendant JCBOE is a recipient of federal funding and is subject to Title IX and compliance therewith.

4.     Defendant, Sam Shade, ("Coach Shade" or "Shade"), is over the age of nineteen (19) and is believed to be a resident of Jefferson County, Alabama. At all times relevant to Plaintiff's claims set forth in this Complaint, Sam Shade was employed by and affiliated with Defendant JCBOE.

5.     Defendant, Michael Turner, ("Principal Turner" or "Turner"), is over the age of nineteen (19) and is believed to be a resident of Jefferson County, Alabama. At all times relevant to Plaintiff's claims set forth in this Complaint, Michael Turner was employed by and affiliated with Defendant JCBOE.

6.     Defendant, ATI Holdings, LLC d/b/a ATI Physical Therapy ("ATI"), is a corporation doing business in Alabama. At all times relevant to this action, the Defendant has maintained and operated a business in Alabama. Defendant is in an industry affecting commerce and has at least fifteen (15) or more employees and is an employer within the meaning of the Title VII of the Civil Rights Act of 1964.

### III.  ADMINISTRATIVE PROCEDURES FOR
### DEFENDANTS JCBOE AND ATI

7.    Plaintiff hereby adopts and realleges paragraphs one (1) through six (6) herein above as if fully set forth herein.

8.    Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred as a result of the actions of Defendant JCBOE.

9.    This action seeks to redress unlawful employment practices resulting from the acts of Defendant JCBOE, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant JCBOE from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of gender discrimination and retaliation.

10.    On July 23, 2020, within 180 days of the last discriminatory act of which Plaintiff complains regarding Defendant JCBOE, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").  (Exhibit 1, Plaintiff's EEOC Charge - JCBOE).

11.    Plaintiff's Dismissal and Notice of Rights for her EEOC charge filed regarding Defendant JCBOE was mailed by the EEOC to the Plaintiff on January 15, 2021, and Plaintiff has filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.  (Exhibit 2, Plaintiff's Notice of Right to Sue).

12.    All administrative prerequisites for filing suit against Defendant JCBOE have been satisfied, and Plaintiff is entitled to bring this action.

13.    Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred as a result of the actions of Defendant ATI.

14.    This action seeks to redress unlawful employment practices resulting from the acts of Defendant ATI, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of disability discrimination and retaliation.

15.    On July 24, 2020, within 180 days of the last discriminatory act of which Plaintiff complains regarding Defendant ATI, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").  (Exhibit 3, Plaintiff's EEOC Charge - ATI).

16.    Plaintiff's Dismissal and Notice of Rights regarding Defendant ATI was mailed by the U.S. Department of Justice Civil Rights Division/EEOC to the Plaintiff on January 12, 2021, and Plaintiff has filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.  (Exhibit 4, Plaintiff's Notice of Right to Sue).

17.     All administrative prerequisites for filing suit against Defendant ATI have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLIAMS AGAINST DEFENDANT JEFFERSON COUNTY BOARD OF EDUCATION

### <u>COUNT ONE</u>

#### PLAINTIFF'S FACTUAL ALLEGATIONS AND TITLE VII GENDER DISCRIMINATION CLAIMS AGAINST DEFENDANT JCBOE[1]

18.     Plaintiff hereby adopts and realleges paragraphs one (1) through three (3), and eight (8) through twelve (12) herein above as if fully set forth herein.

19.     Plaintiff, Emily Vincent, is female.

20.     In or around March 2020, Plaintiff was employed by Defendant JCBOE at Pinson Valley High School ("PVHS") as a Health Teacher.

21.     In or around May 2020, Plaintiff was hired by Defendant JCBOE to be the Assistant Athletic Director at PVHS.

22.     Plaintiff worked on campus at PVHS prior to 2020 as an Athletic Trainer for Defendant ATI, working with and around the coaching staff at PVHS, the athletes and the Principal.

23.     ATI hired the Plaintiff in August 2017 as an Athletic Trainer.

---

[1]     Plaintiff has set forth specific facts related to each claim as set out in separate counts in her Amended Complaint. Some factual allegations are relevant to more than one claim/count and may appear in more than one count.

24.     In or around August or September 2017, ATI placed Plaintiff as an Athletic Trainer in its Sports Medicine Department located on the campus of PVHS, a Jefferson County High School.

25.     Plaintiff continued to perform her duties as an Athletic Trainer for ATI in its Sports Medicine Department on campus at PVHS while at the same time working as a teacher for Defendant JCBOE.

26.     Plaintiff continued to perform her duties as an Athletic Trainer for ATI at its Sports Medicine Department at PVHS while at the same time working as the Assistant Athletic Director for PVHS.

27.     While Plaintiff was employed by both Defendant JCBOE and Defendant ATI her workplace was on campus at PVHS.

28.     During Plaintiff's employment at PVHS, the Principal was Michael Turner.

29.     Michael Turner is male.

30.     On or about May 27, 2020, Principal Turner informed Plaintiff that she was being placed in the position of Assistant Athletic Director for PVHS, a JCBOE position.

31.     Plaintiff immediately started performing the duties of her new position as Assistant Athletic Director.

32.     One of the duties Principal Turner assigned to Plaintiff as the Assistant

Athletic Director, was implementing a Covid-19 plan for all sports teams at PVHS.

33.     Principal Turner asked Plaintiff to implement an Alabama High School Athletic Association ("AHSAA") approved safety plan and guidelines for dealing with Covid-19.

34.     Plaintiff did as she was instructed and prepared a Covid-19 plan and guidelines.

35.     As the Assistant Athletic Director, Plaintiff participated in numerous planning meetings for PVHS athletics.

36.     On or about May 31, 2020, Plaintiff, in her capacity as the Assistant Athletic Director, conducted a meeting regarding Covid-19 with all PVHS coaches, Principal Turner, and the Superintendent for the JCBOE, Dr. Gonsoulin.

37.     In this May 31, 2020 meeting, Plaintiff was introduced as the PVHS Assistant Athletic Director.

38.     During the May 31, 2020 meeting, Plaintiff presented the Covid-19 plan she created for all athletics at PVHS.

39.     As an Athletic Trainer for ATI working on site at PVHS, Plaintiff's duties did not include creating and implementing a Covid- 19 plan for athletics at PVHS.

40.     Creating, implementing, and directing the Covid-19 plan for all athletics for PVHS was an extremely important job given the global Covid-19

pandemic and state of emergency in Alabama and the United States.

41.     Principal Turner attended this May 31, 2020 meeting and never raised any issues or concerns regarding Plaintiff being introduced as the Assistant Athletic Director for PVHS or performing the duties of the Assistant Athletic Director.

42.     In May 2020, Sam Shade was the Athletic Director and Head Football Coach at PVHS.

43.     Coach Shade had recently been hired by Defendant JCBOE.

44.     Coach Sam Shade is male.

45.     Coach Shade attended the May 31, 2020 meeting and witnessed Plaintiff introduce herself as the Assistant Athletic Director for PVHS.

46.     At no time did Coach Shade dispute Plaintiff's position as the Assistant Athletic Director for PVHS.

47.      Coach Sam Shade had conversations with the Plaintiff regarding her duties as Assistant Athletic Director at PVHS.

48.     Coach Shade also discussed Plaintiff's duties as the Assistant Athletic Director in meetings with other coaches and PVHS staff.

49.     Coach Shade discussed Plaintiff's Assistant Athletic Director duties managing Dragonfly, PVHS's internal system for all athletes.

50.     Managing Dragonfly was a duty or responsibility assigned to Plaintiff as an Athletic Trainer for ATI, or teacher for Defendant JCBOE.

51.     Coach Shade discussed Plaintiff's Assistant Athletic Director duties making sure all PVHS athletes had the proper physicals and medical paperwork to ensure they were eligible to participate.

52.     Ensuring PVHS athletes turned in the proper paperwork to participate in school athletics was not a duty or responsibility assigned to Plaintiff as an Athletic Trainer for ATI, or teacher for Defendant JCBOE.

53.     Coach Shade discussed Plaintiff's Assistant Athletic Director duties making sure all athletes returned their liability forms signed by a parent.

54.     Ensuring PVHS athletes returned all executed liability forms was not a duty or responsibility assigned to Plaintiff as an Athletic Trainer for ATI, or teacher for Defendant JCBOE.

55.     Coach Shade discussed Plaintiff's Assistant Athletic Director duties making sure all Covid-19 forms were signed and returned by PVHS athletes.

56.     Ensuring PVHS athletes returned all executed Covid-19 forms was not a duty or responsibility assigned to Plaintiff as an Athletic Trainer for ATI, or teacher for Defendant JCBOE.

57.     Coach Shade discussed Plaintiff's Assistant Athletic Director duties making sure all athletic facilities were in good repair.

58.     Ensuring that the athletic facilities at PVHS were in good repair was not a duty or responsibility assigned to Plaintiff as an Athletic Trainer for ATI, or

teacher for Defendant JCBOE.

59.     Coach Shade discussed Plaintiff's Assistant Athletic Director duties to update the Emergency Action Plan for PVHS as each school is required to have an Emergency Action Plan.

60.     Ensuring the emergency action plan for PVHS was updated was not a duty or responsibility assigned to Plaintiff as an Athletic Trainer for ATI, or teacher for Defendant JCBOE

61.     On or about June 3, 2020, approximately a week after being awarded the Assistant Athletic Director position, Principal Turner informed Plaintiff that she was no longer the Assistant Athletic Director, that she was prevented from performing any further Assistant Athletic Director duties and would only be allowed to perform the duties of an Athletic Trainer.

62.     Principal Turner did not give Plaintiff any reason as to why she was being removed from the Assistant Athletic Director position.

63.     Principal Turner then proceeded to instruct Plaintiff on her Athletic Trainer duties when this was normally the job of the Head Football Coach, Coach Shade.

64.     On June 3, 2020, after being informed that she was no longer the Assistant Athletic Director, Plaintiff spoke with Coach Sheppard, a male JCBOE employee working at PVHS.

65.     Plaintiff informed Coach Sheppard she was no longer the Assistant Athletic Director.

66.     Coach Sheppard responded and stated to Plaintiff that her removal from the Assistant Director position made sense because Coach Shade stated to him that he was "uncomfortable" working with a female in football and it was "weird".

67.     On June 5, 2020, just two days after Plaintiff was removed from the Assistant Athletic Director position, Coach Shade, Assistant Coach Lee, and Assistant Coach Brazzel, all male coaches at PVHS and employees of JCBOE, entered Plaintiff's office.

68.     Coach Shade stated to Plaintiff, "Mr. Turner told me to tell you to leave your keys when you leave today."

69.     Plaintiff understood she was being terminated.

70.     For a Principal to remove an ATI employee from a school, the request had to be submitted in writing to the Human Resources department of ATI for approval.

71.     Plaintiff is not aware of any written request submitted to ATI to have her removed from PVHS.

72.     Prior to Coach Shade informing Plaintiff that she was being terminated he was not aware of any request to terminate her employment or have her removed from PVHS.

73.    Plaintiff is not aware of any reason to justify her removal from PVHS.

74.    Coach Shade instructed Plaintiff that she would have to set up a time to be escorted by the school resource officer, a Jefferson County Sheriff Deputy, to collect her personal effects and that she would then be escorted off school property.

75.    After Coach Shade informed the Plaintiff that she was terminated, Plaintiff contacted her male supervisor with ATI, Jason Pequette, Director of Sports Medicine, to let him know that she had been terminated by Coach Shade.

76.    Mr. Pequette stated to Plaintiff that he wanted to "hear her story first" and instructed Plaintiff to "play nice" and leave her keys, and he would find out more information.

77.    Mr. Pequette informed Plaintiff she had the following Monday, June 8, 2020, off and did not have to report to work at PVHS.

78.    Plaintiff asked Director Pequette why she was terminated from her position at PVHS and he had no response.

79.    In the June 3, 2020 conversation with Mr. Pequette Plaintiff complained about Coach Shade's discriminatory comments that he felt uncomfortable and weird working with a female.

80.    Mr. Pequette responded, "That's she said he said, and you can't prove it."

81.    Plaintiff was instructed that she was not allowed to return to work at

PVHS in either her capacity as Athletic Trainer or Teacher.

82.    Plaintiff was removed from the Assistant Athletic Director position at PVHS, terminated from her position as Assistant Athletic Director, terminated from her position as teacher, denied employment at PVHS and Plaintiff's sex, female, factored into these decisions.

83.    Plaintiff believes she was removed from the Assistant Athletic Director because Coach Shade did not want a female Assistant Athletic Director, or a female working in his athletic program at PVHS, including, but not limited to the football program.

84.    Plaintiff was qualified to hold the position of Assistant Athletic Director at PVHS and was performing the duties of this position when Coach Shade, principal Turner and Defendant JCBOE denied her this position.

85.    Plaintiff was qualified to hold the position of Athletic Trainer at PVHS and was performing the duties of this position at PVHS when Coach Shade, Principal Turner and Defendant JCBOE participated in the decision to have Plaintiff removed from PVHS and terminate Plaintiff from this position.

86.    Plaintiff was removed from the Assistant Athletic Director and Athletic Trainer positions at PVHS and denied employment at PVHS and Plaintiff's sex, female, factored into these decisions.

87.    JCBOE participated in the decision to hire a male to replace Plaintiff as

Athletic Trainer at PVHS.

88.    The illegal actions of Coach Shade, Principal Turner, and Defendant JCBOE constitute gender discrimination.

89.    The illegal, discriminatory, and adverse actions of Defendant JCBOE injured Plaintiff.

90.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant JCBOE's unlawful policies and practices set forth herein unless enjoined by this Court.

91.    Defendant JCBOE condoned and tolerated discrimination and other adverse actions toward Plaintiff.

92.    Defendant JCBOE has policies regarding the prevention of gender discrimination.

93.    Defendant JCBOE failed and/or refused to follow its anti-discrimination policies.

94.    Defendant JCBOE failed and/or refused to effectively train its employees regarding its anti-discrimination policies.

95.    Defendant JCBOE's anti-discrimination policies are not followed or enforced by JCBOE and such policies are ineffective regarding the prevention of illegal discrimination in the workplace.

96.    Plaintiff has no plain, adequate, or complete remedy at law to redress

the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

97.    Plaintiff has satisfied all administrative prerequisites to bring this claim.

98.    As a proximate result of Defendant JCBOE's discrimination, Plaintiff has suffered financial loss, loss of career advancement, loss of retirement, loss of benefits, embarrassment, humiliation, and emotional distress and Plaintiff seeks all equitable and/or prospective relief available at law from Defendant JCBOE, including, but not limited to, specific performance, declaratory judgment, reinstatement, injunctive relief, surcharge, damages, attorney's fees, reimbursement for all expenses and costs, and such other relief the Court may award.

99.    Plaintiff seeks all relief available at law from Defendant JCBOE, including, but not limited to, declaratory and injunctive relief, reinstatement, lost wages, lost benefits, lost retirement, lost benefits, loss of future earnings, compensatory damages, emotional distress damages, costs, interest, and attorney's fees.

100.    Plaintiff requests this Court grant a permanent injunction enjoining Defendant JCBOE, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in retaliatory treatment; order Defendant JCBOE to institute and carry out policies, practices, and programs that

provide protections to employees from retaliation, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against race discrimination and retaliation; order Defendant JCBOE to make Plaintiff whole by providing back pay, front pay, reinstatement, pay, benefits and bonuses, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, award Plaintiff compensatory damages; award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and award such other and further relief this Court deems necessary and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendant JCBOE's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Title VII of the Civil Rights Act of 1964, as amended;

b.    Grant Plaintiff a permanent injunction enjoining Defendant JCBOE, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant JCBOE or at JCBOE's request from violating the Title VII of the Civil Rights Act of 1964, as amended;

c.     Grant Plaintiff an Order requiring Defendant JCBOE to make her whole by granting appropriate declaratory and injunctive relief, awarding her lost wages, backpay, front pay, compensatory damages, interest, attorney fees, expenses, costs; and

d.     Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## COUNT TWO

### PLAINTIFF'S FACTUAL ALLEGATIONS AND TITLE IX CLAIMS AGAINST DEFENDANT JCBOE

101.   Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) and eight (8) through nine (9) herein above as if fully set forth herein.

102.   In or around March 2020, Plaintiff was employed by Defendant JCBOE as a Health Teacher at PVHS.

103.   On or about May 27, 2020, Plaintiff was hired by Defendant JCBOE as the Assistant Athletic Director at PVHS.

104.   Plaintiff was working at PVHS prior to 2020 as an Athletic Trainer.

105.   Beginning around August 2017, Plaintiff was hired to work with ATI as an Athletic Trainer and ATI placed Plaintiff working as an Athletic Trainer in its Sports Medicine Department located on campus at PVHS and Plaintiff worked with and around the school Principal, coaching staff, and athletes.

106.   In May 2020, Principal, Michael Turner, male, informed Plaintiff that

she was being placed in the position of Assistant Athletic Director for PVHS, a JCBOE position.

107.   Principal Turner had worked with and around the Plaintiff for approximately three years at the time he awarded her the Assistant Athletic Director position at PVHS.

108.   After Principal Turner awarded Plaintiff the PVHS Assistant Athletic Director position, Plaintiff immediately started performing the duties of her new position as Assistant Athletic Director, including but not limited to, implementing a Covid-19 plan for all sports teams at PVHS.

109.   Principal Turner instructed Plaintiff to implement Alabama High School Athletic Association ("AHSAA") approved safety guidelines for dealing with Covid-19.

110.   Implementing an AHSAA Covid-19 plan for PVHS was not a duty or responsibility assigned to Plaintiff as an Athletic Trainer or teacher.

111.   In or around May 2020, Coach Sam Shade, male, became the Athletic Director and Head Football Coach at PVHS.

112.   Coach Shade and the Plaintiff discussed her additional duties as Assistant Athletic Director for JCBOE, including, but not limited to: (1) managing PVHS's internal system for all athletes called Dragonfly; (2) making sure all PVHS athletes had the proper physicals and medical paperwork to ensure they were eligible

to participate; (3) making sure all athletes returned their liability forms signed by a parent; (4) making sure all Covid-19 forms were signed and returned; (5) making sure all athletic facilities were in good repair; (6) and updating the Emergency Action Plan for PVHS as each school is required to have an Emergency Action Plan.

113.   Coach Shade and Principal Turner attended meetings and witnessed Plaintiff being introduced as the Assistant Athletic Director and performing the duties of the Assistant Athletic Director.

114.   On or about June 3, 2020, approximately a week after being hired as the Assistant Athletic Director for Defendant JCBOE, Principal Turner informed Plaintiff that she was no longer the Assistant Athletic Director.

115.   Principal Turner instructed Plaintiff that she was prevented from performing any further Assistant Athletic Director duties and would only be allowed to perform the duties of an Athletic Trainer.

116.   Principal Turner did not give Plaintiff any reason as to why she was being removed from the Assistant Athletic Director position.

117.   Plaintiff was not aware of any criticism regarding her performance of her duties as the Assistant Athletic Director.

118.   After being removed Plaintiff from the Assistant Athletic Director position, Plaintiff spoke with Coach Sheppard, a JCBOE employee working at PVHS.

119.   Plaintiff spoke to Coach Sheppard about being removed from the Assistant Director position.

120.   Coach Sheppard stated to Plaintiff that her removal from the Assistant Director position made sense because Coach Shade stated to him that he was "uncomfortable" working with a female in football and it was "weird".

121.   On June 5, 2020, Coach Sam Shade, Assistant Coach Lee, and Assistant Coach Brazzel, all male coaches at PVHS and employees of JCBOE, entered Plaintiff's office and Coach Shade stated to Plaintiff, "Mr. Turner told me to tell you to leave your keys when you leave today."

122.   Plaintiff understood she was being terminated, no reason was given for her termination and Plaintiff was not aware and not been informed of any reason to warrant her termination from employment at PVHS.

123.   Plaintiff was not allowed to return to employment at PVHS in any capacity either as a JCBOE employee or an ATI employee.

124.   Plaintiff has been subjected to discrimination on the basis of her sex, female, and denied the position of Assistant Athletic Director with Defendant JCBOE.

125.   Plaintiff has been subjected to discrimination on the basis of her sex, female, and denied the position of teacher with Defendant JCBOE.

126.   Plaintiff has been subjected to discrimination on the basis of her sex,

female, and denied employment.

127.   Title IX of the Education Amendments Act of 1972, prohibits discrimination on the basis of sex in education programs or activities operated by recipients of Federal financial assistance.

128.   Title IX provides that, "No person…shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

129.   JCBOE is an educational program or activity operated by recipients of Federal financial assistance.

130.   JCBOE has discriminated against Plaintiff on the basis of her sex, female, in violation of Title IX.

131.   Gender bias was a motivating factor in JCBOE's decision to remove Plaintiff from the Assistant Athletic Director position and terminate Plaintiff's employment.

132.   As a result of JCBOE's illegal actions Plaintiff has been damaged and seeks all relief available under Title IX, including, but not limited to, compensatory damages and all equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that JCBOE's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Title IX;

b.    Grant Plaintiff a permanent injunction enjoining JCBOE, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant JCBOE or at JCBOE's request from violating Title IX;

c.    Grant Plaintiff an Order requiring Defendant JCBOE to make her whole by granting appropriate declaratory and injunctive relief, awarding her lost wages, backpay, front pay, compensatory damages, punitive damages, interest, attorney fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## COUNT THREE

### PLAINTIFF'S FACTUAL ALLEGATIONS AND NEGLIGENT SUPERVISION, NEGLIGENT TRAINING AND NEGLIGENT RETENTION CLAIMS AGAINST DEFENDANT JCBOE

133.   Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

134.   Defendant JCBOE had a duty to provide a work environment free of sex or gender discrimination for its employees, including the Plaintiff.

135.   Defendant JCBOE had a duty to implement and enforce effective anti-discrimination policies.

136.   Defendant JCBOE had a duty to train its employees regarding Title IV compliance any anti-discrimination policies.

137.   Defendant JCBOE had a duty to train its employees regarding Title IX compliance.

138.   Defendant JCBOE knew or should have known of the discriminatory actions and conduct of its male Athletic Director and Head Football Coach, Sam Shade, and male Principal Michael Turner.

139.   Defendant JCBOE should have in its employment a Title IX compliance officer or similar position to ensure compliance with Title IX and prevent sex discrimination.

140.   Defendant JCBOE employs individuals to work in human resources functions to over see and enforce its policies, including any anti-discrimination policies.

141.   Defendant JCBOE allowed and/or condoned illegal and tortious conduct by its employees.

142.   Defendant JCBOE maliciously, deliberately, wantonly and/or negligently retained employees who engaged in illegal and tortious conduct, including, but not limited to, Coach Sam Shade and Principal Turner.

143.   Defendant JCBOE maliciously, deliberately, wantonly and/or negligently failed to train employees who engaged in illegal and tortious conduct, including, but not limited to, Coach Sam Shade and Principal Turner.

144.   Defendant JCBOE maliciously, deliberately, wantonly and/or negligently failed to supervise employees who engaged in illegal and tortious conduct, including, but not limited to, Coach Sam Shade and Principal Turner.

145.   Defendant JCBOE negligently supervised, trained and/or retained Coach Sam Shade, Principal Turner, and other employees.

146.   Defendant JCBOE failed to protect employees, such as the Plaintiff, from the illegal and tortious treatment Plaintiff suffered, including, but not limited to, Plaintiff being denied the position of Assistant Athletic Director because of her gender.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action, enter a judgment against Defendant JCBOE and award Plaintiff compensatory damages to be determined by the trier of fact, punitive damages to be

determined by the trier of fact, injunctive relief, expenses and costs of this suit and any other relief this Court deems appropriate, fair, just, and equitable under the circumstances of the case.

## V.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLIAMS AGAINST DEFENDANT ATI

### COUNT FOUR

#### PLAINTIFF'S FACTUAL ALLEGATIONS AND TITLE VII GENDER DISCRIMINATION CLAIMS AGAINST DEFENDANT ATI

147.   Plaintiff hereby adopts and realleges paragraphs one (1) through two (2), six (6), and thirteen (13) through seventeen (17) herein above as if fully set forth herein.

148.   Plaintiff began her employment with ATI in August 2017 as an Athletic Trainer.

149.   ATI owns and operates a Sports Medicine Department on site at Pinson Valley High School ("PVHS").

150.   In or around August or September 2017, ATI placed Plaintiff as an Athletic Trainer in its Sports Medicine Department at PVHS.

151.   Plaintiff was employed by ATI as an Athletic Trainer in its Sports Medicine Department at PVHS from 2017 until June 2020.

152.   ATI has several contracts to provide athletic training for athletes at several schools in the Jefferson County school system.

153.   In May 2020, Plaintiff was hired by Defendant JCBOE to be the Assistant Athletic Director for PVHS, and she continued to perform her duties of Athletic Trainer for ATI after being hired as the Assistant Athletic Director for PVHS.

154.   Approximately a week after being placed in the position of Assistant Athletic Director at PVHS, Plaintiff was removed from the position after Coach Shade, the head Football Coach and Athletic Director at PVHS, stated to another male coach that he was "uncomfortable" working with a female and that it was "weird."

155.   No reason was given for removing Plaintiff from the position of Assistant Athletic Director.

156.   Almost immediately after being removed from the Assistant Athletic Director position, Plaintiff was also terminated from her employment at PVHS, including her position as an Athletic Trainer, a position Plaintiff held since 2017.

157.   Believing she was being discriminated against on the basis of her sex, female, Plaintiff complained to ATI about the discrimination.

158.   ATI had a policy prohibiting discrimination in the workplace during Plaintiff's employment.

159.   Plaintiff understood that ATI's discrimination policies were in place to protect her and other employees from discrimination in the workplace.

160.   ATI had a duty and obligation to protect Plaintiff from discrimination.

161.   ATI operated and maintained their Sports Medicine Department on the campus of PVHS, and PVHS was the location where Plaintiff was employed.

162.    Because Plaintiff believed she was being discriminated against in her workplace she complained to her immediate supervisor, Jason Pequette, ATI Director of Sports Medicine.

163.   Plaintiff complained to Mr. Pequette about Coach Shade's discriminatory comments.

164.   Mr. Pequette responded, "That's she said he said, and you can't prove it."

165.   Plaintiff also complained to Mr. Pequette that she had been instructed by Coach Shade to leave her keys, thereby terminating her employment at PVHS, including her position as Athletic Trainer for ATI.

166.   Mr. Pequette stated to Plaintiff that he wanted to "hear her story first."

167.   Mr. Pequette also instructed Plaintiff to "play nice" and leave her keys, and he would find out more information.

168.   Plaintiff left her keys as instructed.

169.   Mr. Pequette informed Plaintiff she had the following Monday off, June 8, 2020, off and she did not have to report to work at PVHS.

170.   Plaintiff asked Director Pequette why she was terminated from her

position at PVHS and he had no response.

171.   ATI later instructed Plaintiff that she was not allowed to return to work at PVHS or have any contact with any PVHS employees.

172.   Based on Plaintiff's knowledge and belief, her complaints of gender discrimination were never investigated by ATI.

173.   ATI had a duty and obligation to investigate Plaintiff's complaints of discrimination.

174.   ATI condoned and tolerated gender/sex discrimination in the workplace.

175.   Even after Plaintiff complained to ATI about the sex discrimination, ATI chose to ignore Plaintiff's complaints and discriminate against Plaintiff on the basis of her sex, by removing Plaintiff from her Athletic Trainer position at PVHS, a position Plaintiff held for three years.

176.   Because ATI's client, Defendant JCBOE, Coach Shade and Principal Turner, wanted Plaintiff removed from the athletics program and football program at PVHS on the basis of her sex, ATI chose to agree and comply with its client's discriminatory demands and terminate Plaintiff's employment as an Athletic Trainer at PVHS.

177.   Plaintiff even requested to meet with Principal Turner, Coach Shade and ATI Director Pequette to try to resolve the gender discrimination she was being

subjected to by both the JCBOE and ATI.

178.   However, Plaintiff's request was denied by ATI and Plaintiff was again instructed by ATI that she was prohibited from communicating with anyone at PVHS.

179.   Plaintiff was also informed by ATI that she was not allowed to return to PVHS to retrieve her personal belongings.

180.   ATI removed Plaintiff from her position of Athletic Trainer at its Sports Medicine Department located at PVHS and replaced Plaintiff with a male employee believed to be Alex Gee.

181.   Plaintiff was removed from her position as Athletic Trainer at PVHS on the basis of her sex, female.

182.   On or about June 11, 2020, ATI informed Plaintiff that she would have to accept a lower paying position at another location or a position requiring Plaintiff travel over an hour and a half one way to work.

183.   ATI informed Plaintiff that if she did not accept one of the only two assignments offered to her by 9:00 a.m. on June 15, 2020, ATI would classify Plaintiff as having resigned her employment.

184.   Plaintiff was a good employee and performed well as an Athletic Trainer.

185.   There was no legitimate non-discriminatory reason to remove Plaintiff

from her position as Athletic Trainer at PVHS.

186.   In order to keep her job Plaintiff was forced to accept a position that paid less than her position at PVHS and had less desirable working conditions.

187.   ATI discriminated against Plaintiff on the basis of her sex, female.

188.   Plaintiff's sex, female, factored into ATI's decision to remove Plaintiff from PVHS and force Plaintiff to accept a lower paying less desirable position.

189.   Defendant's illegal, discriminatory and adverse actions injured Plaintiff.

190.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

191.   Defendant condoned and tolerated discrimination and other adverse actions toward Plaintiff.

192.   Defendant has a habit and/or practice of discriminating against female employees, condoning and/or allowing disability discrimination.

193.   Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, as amended.

194.   Defendant has a policy regarding gender discrimination and Defendant failed to follow its policy.

195.   Defendant's policies prohibiting gender discrimination are ineffective.

196.  Defendant failed to train its employees regarding its policies prohibiting gender discrimination.

197.  Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

198.  Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

199.  As a proximate result of Defendant's discrimination, Plaintiff has suffered financial loss, loss of career advancement, loss of retirement, and emotional distress.

200.  Plaintiff seeks all equitable and/or prospective relief available at law from Defendant, including, but not limited to, specific performance, declaratory judgment, reinstatement, injunctive relief, surcharge, damages, or such other relief the Court may award.

201.  Plaintiff seeks all relief available at law from Defendant, including, but not limited to, lost wages, lost benefits, lost retirement, loss of future earnings, compensatory damages, punitive damages, emotional distress damages, costs, interest, and attorney's fees.

202.  Plaintiff has satisfied all administrative prerequisites to bring this claim.

203.   Plaintiff requests this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in retaliatory treatment; order Defendant to institute and carry out policies, practices, and programs that provide protections to employees from retaliation, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against race discrimination and retaliation; order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, pay, benefits and bonuses, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive damages; award Plaintiff compensatory, punitive, and liquidated damages; award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and award such other and further relief this Court deems necessary and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.   Enter a declaratory judgment that Defendant ATI's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Title VII of the Civil Rights Act of 1964, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant ATI, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant ATI or at ATI's request from violating the Title VII of the Civil Rights Act of 1964, as amended;

c.      Grant Plaintiff an Order requiring Defendant ATI to make her whole by granting appropriate declaratory and injunctive relief, awarding her lost wages, backpay, front pay, compensatory damages, interest, attorney fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## COUNT FIVE

### PLAINTIFF'S FACTUAL ALLEGATIONS AND
### TITLE VII RETALIATION CLAIMS AGAINST DEFENDANT ATI

204.   Plaintiff hereby adopts and incorporates paragraphs one (1) through two (2), six (6) and thirteen (13) through seventeen (17) as if set forth herein.

205.   Defendant ATI hired the Plaintiff in August 2017 as an Athletic Trainer.

206.   In or around August or September 2017, ATI placed Plaintiff as an Athletic Trainer in its Sports Medicine Department at Pinson Valley High School ("PVHS").

207.   Plaintiff was employed by Defendant ATI as an Athletic Trainer in its

Sports Medicine Department at PVHS from 2017 until June 2020.

208.   On or about May 27, 2020, the Principal for PVHS, Michael Turner, informed Plaintiff that she was being placed in the position of Assistant Athletic Director for PVHS, a JCBOE position.

209.   Plaintiff performed both her duties as an Athletic Trainer for ATI and her duties as the Assistant Athletic Director at PVHS.

210.   On or about June 3, 2020, Principal Turner informed Plaintiff that she no longer the Assistant Athletic Director.

211.   Principal Michael Turner did not give Plaintiff a reason as to why she was being removed from the Assistant Athletic Director position and Plaintiff believes that her sex, female, factored into the decision to remove her from this position.

212.   Coach Sheppard, a PVHS coach, informed Plaintiff that her removal from the Assistant Director position made sense because Coach Shade stated to him that he was "uncomfortable" working with a female in football and it was "weird".

213.   On or about June 5, 2020, Coach Sam Shade informed Plaintiff that she was to leave her keys when she left for the day and no reason was given for her termination.

214.   Plaintiff understood that she was terminated from both her employment with ATI as an Athletic Trainer and employment with Defendant JCBOE.

215.   Plaintiff believed she was being subjected to sex/gender discrimination after being removed from the Assistant Athletic Director position and terminated by Coach Shade and that Coach Shade sis not want a female working in or with his athletic programs, including the football program.

216.   ATI has policies preventing discrimination in the workplace and had a duty and obligation to protect Plaintiff and its employees from discrimination.

217.   Plaintiff has a good faith belief that she was being discriminated against.

218.   Because Plaintiff believed she was being discriminated against she complained on June 5, 2020, to her male supervisor with ATI, Jason Pequette, Director of Sports Medicine.

219.   Plaintiff contacted Mr. Pequette and complained about gender discrimination, Coach Shade's discriminatory comments and her removal from the Assistant Athletic Director position and all employment at PVHS.

220.   Plaintiff reported to Mr. Pequette that Coach Shade instructed her to leave her keys and terminated from her position as Athletic Trainer at PVHS and all other positions.

221.   Mr. Pequette stated to Plaintiff that he wanted to "hear her story first" and instructed Plaintiff to "play nice" and leave her keys, and he would find out more information.

222.   Mr. Pequette informed Plaintiff she had the following Monday, June 8, 2020, off and did not have to report to work.

223.   Plaintiff asked Director Pequette why she was removed from her position at PVHS and he had no response.

224.   Plaintiff was not aware of any complaints regarding her performance as an Athletic Trainer at PVHS.

225.   Plaintiff was also not aware of anyone at PVHS complaining about Plaintiff or her performance as an Athletic Trainer.

226.   In response to Plaintiff's complaints regarding Coach Shade's discriminatory comments, Mr. Pequette responded, "That's she said he said, and you can't prove it."

227.   ATI later instructed Plaintiff that she was not allowed to return to work at PVHS.

228.   Based on Plaintiff's knowledge and belief, her complaints of gender discrimination were never investigated by ATI.

229.   Plaintiff even requested to meet with Principal Turner, Coach Shade and ATI Director Pequette to address the gender discrimination.

230.   ATI denied Plaintiff's requests to meet and again instructed Plaintiff that she was prohibited from communicating with anyone at PVHS.

231.   Plaintiff was also informed by ATI that she was not allowed to return

to Pinson Valley High School to retrieve her personal belongings.

232.   Plaintiff had been employed by ATI at PVHS since 2017 and after her complaints of discrimination and protected activity she was banned from the premises of PVHS.

233.   After Plaintiff complained about discrimination and engaged in protected activity, she was not allowed to return to her position as Athletic Trainer at Pinson Valley High School, or any other position.

234. On or about June 11, 2020, approximately six days after Plaintiff complained to Director Pequette about gender discrimination and engaged in protected activity, ATI informed Plaintiff she could no longer work at PVHS and that she would have to accept a lower paying position at another location or a position requiring Plaintiff travel over an hour and a half one way to work.

235.   ATI informed Plaintiff that if she did not accept one of the only two assignments offered to her by 9:00 a.m. on June 15, 2020, ATI would classify Plaintiff as having resigned her employment.

236.   Plaintiff was a good employee and performed well as an Athletic Trainer at PVHS.

237.   There was no reason to remove Plaintiff from her position as Athletic Trainer at PVHS.

238.   In order to keep her job, Plaintiff was forced to accept the position

which offered less pay and less desirable working conditions.

239.  Defendant's illegal, discriminatory and adverse actions injured Plaintiff.

240.  There is a causal connection between Plaintiff's complaints of gender discrimination and the adverse actions she has suffered.

241.  Defendant's retaliation against Plaintiff for her complaints of discrimination and protected activity have caused Plaintiff injury.

242.  Defendant has condoned and tolerated retaliation and other adverse actions toward Plaintiff.

243.  Defendant has a habit and/or practice of retaliating against employees who complaint, condoning and/or allowing retaliation.

244.  Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, as amended.

245.  Defendant has a policy regarding retaliation and Defendant failed to follow its policy.

246.  Defendant's policies prohibiting retaliation are ineffective.

247.  Defendant failed to train, or effectively train, its employees regarding its policies prohibiting retaliation.

248.   Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

249.   Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

250.   Plaintiff has satisfied all administrative prerequisites to bring this claim.

251.   As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

252.   Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, punitive damages, humiliation, embarrassment, mental anguish, and any and all such other relief as the Court deems appropriate.

253.   Plaintiff requests this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in retaliatory treatment; order Defendant to institute and carry out policies, practices, and programs that provide protections to employees from retaliation, and which eradicate the efforts of past and present

unlawful employment practices, including implementing a policy against race discrimination and retaliation; order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, pay, benefits and bonuses, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive damages; award Plaintiff compensatory, punitive, and liquidated damages; award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and award such other and further relief this Court deems necessary and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that ATI's policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Title VII of the Civil Rights Act of 1964, as amended;

b.     Grant Plaintiff a permanent injunction enjoining ATI, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant ATI or at ATI's request from violating the Title VII of the Civil Rights Act of 1964, as amended;

c.     Grant Plaintiff an Order requiring Defendant ATI to make her whole by granting appropriate declaratory and injunctive relief, awarding her lost wages,

backpay, front pay, compensatory damages, interest, attorney fees, expenses, costs; and

      d.     Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## VI.  PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

### COUNT SIX

#### PLAINTIFF'S FACTUAL ALLEGATIONS AND INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP CLAIMS AGAINST DEFENDANT COACH SAM SHADE

254.   Plaintiff hereby adopts and incorporates paragraphs one (1) through two (2), and four (4) as if set forth herein.

255.   Plaintiff had a business relationship with JCBOE as both an employee and as an Athletic Trainer employed at PVHS in the Sports Medicine Department operated by ATI.

256.   In or around May 2020, Plaintiff was employed with JCBOE as a teacher and Assistant Athletic Director.

257.   Plaintiff was also employed as an Athletic Trainer for ATI in its Sports Medicine Department at PVHS and had been in this position since 2017.

258.   Defendant, Coach Sam Shade, was at all times relevant to this cause of action, employed by JCBOE as the Athletic Director and Head Football Coach at

PVHS.

259.   Coach Sam Shade had knowledge of Plaintiff's business relationship with both JCBOE and ATI.

260.   Defendant, Coach Sam Shade, intentionally interfered with Plaintiff's business relationship with ATI.

261.   On or about May 27, 2020, PVHS Principal, Michael Turner, informed Plaintiff that she was being placed in the position of Assistant Athletic Director for PVHS, a JCBOE position.

262.   After Principal Turner awarded Plaintiff the PVHS's Assistant Athletic Director position, Plaintiff immediately started performing the duties of her new position and participated in numerous planning meetings as the Assistant Athletic Director for PVHS.

263.   However, on or about June 3, 2020, Principal Turner informed Plaintiff that she was being demoted from Assistant Athletic Director back to her original position as Athletic Trainer.

264.   Principal Michael Turner did not give Plaintiff a reason as to why she was being demoted.

265.   After Plaintiff was informed she was no longer the Assistant Athletic Director for PVHS, she spoke with Coach Sheppard, a PVHS coach, about being removed from the Assistant Director position.

266.   Coach Sheppard stated to Plaintiff that her removal from the Assistant Director position made sense because Coach Shade stated to him that he was "uncomfortable" working with a female in football and it was "weird".

267.   On or about June 5, 2020, Coach Sam Shade, Assistant Coach Lee, and Assistant Coach Brazzel, all male employees of JCBOE, walked into Plaintiff's office and Coach Shade informed Plaintiff, "Mr. Turner told me to tell you to leave your keys when you leave today."

268.   Plaintiff understood that she was terminated.

269.   Plaintiff was not allowed to return to her employment at PVHS as an Athletic Trainer.

270.   Coach Sam Shade has denied Plaintiff the ability to perform her duties as an Athletic Trainer in the Sports Medicine Department of ATI at PVHS and intentionally interfered with Plaintiff's business relationship with ATI.

271.   Coach Sam Shade made it clear to ATI that he did not want Plaintiff working at PVHS..

272.   Plaintiff was not allowed to return to work at PVHS as an Athletic Trainer or in any capacity.

273.   No reason was given for Plaintiff's termination and removal from PVHS.

274.   As a result of the illegal and tortious actions of Coach Sam Shade

Plaintiff has been denied employment, positions, pay, income, and benefits.

275.   Plaintiff been damaged as a result of Coach Shade's illegal and tortious actions.

276.   Plaintiff seeks all damages permissible under the law of Alabama, including, but not limited to, loss of position, loss of employment, loss of wages and income, loss of benefits, emotional loss, damage to Plaintiff's reputation, and punitive damages, all amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action, enter a judgment against Defendant Coach Sam Shade and award Plaintiff compensatory damages to be determined by the trier of fact, punitive damages to be determined by the trier of fact, injunctive relief, expenses and costs of this suit and any other relief this Court deems appropriate, fair, just, and equitable under the circumstances of the case.

## COUNT SEVEN

### PLAINTIFF'S INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP CLAIMS AGAINST DEFENDANT PRINCIPAL MICHAEL TURNER

277.   Plaintiff hereby adopts and incorporates paragraphs one (1) through two (2) and five (5) as if set forth herein.

278.   Plaintiff had a business relationship with JCBOE as both an employee

and as an Athletic Trainer employed at PVHS in the Sports Medicine Department operated by ATI.

279.   In or around May 2020, Plaintiff was employed with JCBOE as a teacher and Assistant Athletic Director.

280.   Plaintiff was also employed as an Athletic Trainer for ATI in its Sports Medicine Department at PVHS and had been in this position since 2017.

281.   Defendant, Michael Turner, was at all times relevant to this cause of action, employed by JCBOE as the Principal at PVHS.

282.   Principal Turner had knowledge of Plaintiff's business relationship with both JCBOE and ATI.

283.   Defendant, Principal Turner, intentionally interfered with Plaintiff's business relationship ATI.

284.   On or about May 27, 2020, PVHS Principal, Michael Turner, informed Plaintiff that she was being placed in the position of Assistant Athletic Director for PVHS, a JCBOE position.

285.   After Principal Turner awarded Plaintiff the PVHS's Assistant Athletic Director position, Plaintiff immediately started performing the duties of her new position and participated in numerous planning meetings as the Assistant Athletic Director for PVHS.

286.   However, on or about June 3, 2020, Principal Turner informed Plaintiff

that she was being demoted from Assistant Athletic Director back to her original position as Athletic Trainer.

287.   Principal Michael Turner did not give Plaintiff a reason as to why she was being demoted.

288.   After Plaintiff was informed she was no longer the Assistant Athletic Director for PVHS, she spoke with Coach Sheppard, a PVHS coach, about being removed from the Assistant Director position.

289.   Coach Sheppard stated to Plaintiff that her removal from the Assistant Director position made sense because Coach Shade stated to him that he was "uncomfortable" working with a female in football and it was "weird".

290.   On or about June 5, 2020, Coach Sam Shade Assistant Coach Lee, and Assistant Coach Brazzel, all male employees of JCBOE, walked into Plaintiff's office and Coach Shade informed Plaintiff, "Mr. Turner told me to tell you to leave your keys when you leave today."

291.   Plaintiff understood that she was terminated.

292.   Principal Michael Turner has denied Plaintiff the ability to perform her duties as an Athletic Trainer working in the Sports Medicine Department of ATI at PVHS and intentionally interfered with Plaintiff's business relationship with ATI.

293.   Plaintiff has not been allowed to return to work at PVHS as an Athletic Trainer, or in any capacity.

294.   No reason was given for Plaintiff's termination and removal from PVHS.

295.   As a result of the illegal and tortious actions of Principal Michael Turner Plaintiff has been denied employment, positions, pay, income, and benefits.

296.   Plaintiff been damaged as a result of Principal Michael Turner's illegal and tortious actions.

297.   Plaintiff seeks all damages permissible under the law of Alabama, including, but not limited to, loss of position, loss of employment, loss of wages and income, loss of benefits, emotional loss, damage to Plaintiff's reputation, and punitive damages, all amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action, enter a judgment against Defendant Principal Michael Turner and award Plaintiff compensatory damages to be determined by the trier of fact, punitive damages to be determined by the trier of fact, injunctive relief, expenses and costs of this suit and any other relief this Court deems appropriate, fair, just, and equitable under the circumstances of the case.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

Respectfully submitted,

s/Cynthia Forman Wilkinson
CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

Cynthia Forman Wilkinson
WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, AL 35203
Tel: (205) 250-7866
E-mail: wilkinsonefile@wilkinsonfirm.net

s/ Richard A. Bearden
RICHARD A. BEARDEN
Attorney for Plaintiff

**OF COUNSEL:**

Richard A. Bearden
MASSEY, STOTSER & Nichols, P.C.
1780 Gadsden Highway
Birmingham, AL 35235..
Tel: (205) 838-9004
E-mail: rbearden@msnattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on the following via the Court's electronic filing system on May 6, 2020: None

I hereby certify that a copy of the foregoing was served on the following via USPS certified mail on May 6, 2020:

Jefferson County Board of Education
2100 18th Street South
Birmingham, AL 35209

ATI Holdings, LLC d/b/a ATI Physical Therapy
C T Corporations System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Sam Shade
c/o Jefferson County Board of Education
2100 18th Street South
Birmingham, AL 35209

Michael Turner
c/o Jefferson County Board of Education
2100 18th Street South
Birmingham, AL 35209

<u>s/Cynthia Forman Wilkinson</u>
OF COUNSEL